Mr. Beckett Thank you, Your Honor. May it please the court, I am Chad Beckett, attorney for Appellants Keagle Inc. and Edward Salfelter Jr. They are the defendants in the underlying suit brought by Plaintiff Appellee Brandi Campbell. Keagle Inc., owned by Mr. Salfelter, does business as a silver bullet bar. It operates a tavern in Urbana, Illinois that features exotic dancers. Ms. Campbell, an exotic dancer, performed at the silver bullet... Counsel, you're going to have to talk a bit slower. The microphone on your end is not very good. And so your language is coming across with a little garble. My apologies, Your Honor. Well, there's nothing you can do about the microphone. One reason why we would rather have arguments in person where we don't have this problem. But we can deal with the microphone problem by talking a little slower, which we would appreciate. Ms. Campbell operated as an exotic dancer at the silver bullet bar in 2020. And she did so pursuant to an entertainment lease, which she and my client signed. She elected to serve as an independent contractor rather than as an employee of the silver bullet in that capacity. That lease is in the appendix of our brief at page 2526. After her services sometime later in 2020, Ms. Campbell sued my clients under the Fair Labor Standards Act and related claims in the Central District of Illinois. My clients asked the district court to compel arbitration, which was required under the party's entertainment lease. The district court denied that motion, and therefore that brought the issue before this court. And now my clients ask that the court reverse the decision. The parties agreed in the entertainment lease that any controversy, dispute, or claim arising out of this lease or otherwise from Ms. Campbell entertaining at the premises of the club would be exclusively decided by binding arbitration under the Federal Arbitration Act. In this instance, the district court determined that three provisions of that arbitration clause in that larger agreement were unconscionable under Illinois law. Illinois law directs that provisions which are not integral to a contract can be severed, and this is particularly the case when the agreement has a severability clause. Mr. Beckett, you aren't contesting the district court's determination that those provisions are unconscionable for purposes of appeal, are you? For purposes of this appeal, we are not asking that those provisions be reinstated. We do not believe them to be integral to the party's agreement to arbitrate. Indeed, the weight of authority is both Illinois and in federal courts is that the decision to arbitrate itself is the essential term of a contract. What we would ask is that this court direct the district court to retain and enforce the remaining portions of the arbitration clause in that larger agreement and that it exercise its authority under Section 5 and Section 4 to appoint a neutral arbitrator and to select the situs of the arbitration, which, pursuant to the FAA, would be within the Central District of Illinois. That parties would, as they have articulated in their brief, we have expressed why we believe that the case law is in our favor. I would simply wish to highlight four cases and then summarize their relevance collectively. The first is the Illinois appellate case of Wigington v. Dell, which addressed severance of unenforceable provisions of the contract. The Wigington decision stands for the proposition that an unenforceable provision is severable unless it's so closely connected with the remainder of the contract that to enforce the valid provisions of that contract would be tantamount to rewriting it. I note that the Wigington decision involved an arbitration agreement that barred a class action in that arbitration, which has since been essentially overruled and preempted under the U.S. Supreme Court decision in AT&T v. Concepcion. There seems to be a pattern of many such cases that found it unconscionable for that purpose. The Dell case argued that even though the chosen arbitrator in that case would not accept class action suits, so to speak, class action issues, nevertheless, the Illinois appellate court said that that could be resolved by choosing a different arbitral forum and arbitrator over the judicial forum. The stated reason being that the goal can be met with or without the class arbitration bar. The second case is the Illinois Supreme Court decision in Kinkle v. Singular Wireless. This is a case cited by the district court, but which we submit that the district court did not take to heart the most important provision, namely that in its holding, arbitration should proceed... Why must one district judge take to heart a decision of a different district judge? What precedential authority does it have? Your Honor, this is the Illinois Supreme Court, Kinkle v. Wireless. And considering that the district court was attempting to apply Illinois law... The argument you're making is one under 9 U.S.C. Section 5, which is a provision of federal law, not of state law. Your Honor, I believe that... Your strongest argument would be that the district judge was wrong about unconscionability, but you told Judge St. Eve you were just conceding that away. I apologize. That was not my intention, Your Honor, and I appreciate you bringing that to my attention. What I was saying that, to the extent that the district court was deciding whether it should sever the offensive portions of the agreement or whether it should dismiss it entirely and proceed judicially, I believe that the court was trying to interpret Illinois law. And I was simply trying to make reference to that Illinois law to show why it did not take to heart correctly the Kinkle v. Singular Wireless decision. But I apologize for not making... I've looked at your brief, and I think your concession to Judge St. Eve is correct. You're not making any argument that the district judge erred in saying, Clause X is one-sided, therefore Clause X is unconscionable. No, I am not making that argument. Moving to my third case to reference would be the Tortinello v. Gerald Nissan case, again, an Illinois appellate court case, a Lemon Law case, again, interpreting the class action reference. I don't see what severability has to do with anything. If we go past Section 2, where we land is Section 5, and shouldn't you be making an argument about Section 5? I will be happy to proceed with Section 5, Your Honor. Under Section 5, and as articulated by this court in green, whenever there's a reason for a lapse in the naming of an arbitrator, then upon the application of either party to the controversy, the court shall designate and appoint an arbitrator. This court was very clear in its decision in green, which is cited in my brief, that when a judge determines that you cannot replace an arbitrator because it hasn't really been a lapse or that there's some improper reasoning for it, that what is happening there is that the district court is effectively disagreeing with Congress. The district court has the power and, frankly, the duty to appoint an arbitrator when, for any reason, something has gone wrong with the appointment of that arbitrator. Mr. Beckett, there's a lot more at issue here than just the arbitrator, though. The district court found multiple provisions unconscionable, and when you take out all of those provisions, all you have left is, we're going to arbitrate and the FAA applies. Thank you, Your Honor. At what point is it too much that it wouldn't survive? So if you've taken out the majority of the agreement, is it your position that whenever you just have, we want to arbitrate and the FAA applies, that that's sufficient? Well, thank you, Your Honor. I would submit that the majority of the agreement to arbitrate has not been removed by severing those. I suppose it has. Wasn't it the case in Green that everything, absolutely everything about arbitration procedure had been taken out? The only thing that was left was an agreement to arbitrate with all procedures now blank. Yes, and I agree with that, Your Honor. So if we assume that that's what happened here, it looks like we've still got Green. Presumably the district judge can say, this dispute has to be arbitrated under the terms of the American Arbitration Association, period. Yes, yes, Your Honor. That's what happened here. As Shakespeare says, the play is the thing, and in this matter, the decision to arbitrate is the thing. It is the integral provision of the party's agreement, and the FAA provides all the additional details. Of course, the district court concluded that the parties would never have agreed to arbitrate at all if they couldn't arbitrate on exactly the terms stated in the contract. I didn't see such a finding in the district court. Am I missing something? I'll ask the same question of Ms. Padano. I did not find such a finding, but I see that my time is up. I've reserved four minutes. Thank you. I think your time has expired. That's what I, exactly. Yes. All right. I believe that it. No, it's expired. That means it's over. Ms. Padano. Thank you. Good morning, Your Honors. May it please the court. Adelaide Padano on behalf of Plaintiff Apelli Brandy Campbell. In this case, the defendants have drafted an arbitration provision that granted them the unilateral right to select the arbitrator and the location of the arbitration. Those provisions are gone, though. We have all established those are gone. Can you just address Greene and why Greene doesn't just control here? And for what it's worth, Greene actually iterates a long history of similar decisions in this and other circuits because it's just what Section 5 says. So I think I think there's actually sort of an antecedent issue before we get to Greene, which is should these provisions be severed or should the arbitration provision instead be stricken? And I do think that that is important because I think that there are. We're not contending that the arbitration provision is itself unconscionable. Nor did the district judge so find. Again, I want to make sure I'm reading the district judge correctly. Did the district judge find that arbitrating this dispute would be unconscionable? I think what the what the district court found was that there were multiple unconscionable provisions here that select location and fees. Did the district judge find that arbitration itself would be unconscionable? I don't think the court found that arbitration like as a concept is unconscionable, but that I think the district court did find that in these circumstances with these two parties under this agreement that arbitration that enforcing the arbitration agreement would be unconscionable and that it was appropriate to strike the agreement. I think that there are really good reasons for that. So when a court finds. So I think when a court finds that there are multiple unconscionable provisions and the court finds that the agreement itself was drafted for an improper purpose. When the agreement itself was was created to make a one sided process, a tilted playing field that would favor one party over the other that under those circumstances, it is appropriate to strike rather than to sever. Let's let's go back to green green adopted the agreement in green adopted the arbitration provisions of a particular association, which disbanded after the world concluded that its provisions were one sided and unconscionable. That's why the agreement. That's why the whole association in green. Went away because people decided that its terms could not fairly be used to arbitrate disputes. So the district court here found at retail what the whole world had found at wholesale for the arbitration agreement in green. And yet we said the district judge should order arbitration because there was nothing unconscionable about the basic agreement to arbitrate only the terms were problematic. So I think that in green. First of all, the court does talk about section to the savings clause of the FAA and the court says if the parties here had made an argument that the arbitration provision were unenforceable under state law, things might be different. But neither party in green had made that argument. And I think this case is more like Jackson versus payday financial, which followed closely after green and where this court said that where there is a biased arbitrator selection mechanism, and there are a bias, there's sort of a one sided agreement and a tilted playing field. And the court has made a finding that the agreement is unconscionable under state law that it's not appropriate under section five. That's why I asked if the district judge had made such a finding. Could you point me to where I should go to find that because I didn't see it and I don't I don't want to miss anything. I think the district court here found that the agreement was quote inordinately one sided. And I think the the district court did make a comparison between green and Jackson and it said this case if I found was much closer to Jackson than to green. Because of the court found that it was inordinately one sided that it was drafted for an improper purpose. It was drafted in order to deliberately create a one sided tilted playing field that would favor one party over the other. And I think if you look at cases from other courts like, you know, the Third Circuit's decision in Nino versus Jewelry Exchange or the Perilla decision from the Third Circuit, the courts talk about how when you're looking at severability. There's a question of are the terms essential to the agreement, but there's also what the Perilla court calls this equitable override provision in the restatement of contracts, which says that if the court finds that there was that the agreement was drafted for an improper purpose that it was permeated with unconscionable terms. But under those circumstances, it is appropriate to strike the agreement rather than to sever the provisions. And I mentioned this because I don't think we need to reach section five and the agreement here is the the basic contract. You're not asking that that whole contract be deemed void. The arbitration clause is one part of a larger contract. The restatement provision is that the whole contract can fall. You're not asking for that. At least I didn't understand you to be asking for that. Well, in that sense, I think the court was true to the severability clause in this contract because the court said, I'm going to strike the arbitration provision, which I find to be unconscionable and permeated with unconscionable terms, and I'm going to uphold the rest of the agreement. And so and I think that that's the appropriate thing to do here. You know, we have to think about the litigant who comes after Miss Campbell. If a defendant thinks that the district court can just sever out any unconscionable terms in their agreement, then they have an incentive to draft one sided unfair terms safe in the knowledge that the district court is just going to excise those terms and uphold the balance of whatever is left over, even if it's an empty shell. And that creates a terrible and perverse incentive. Why? Why? Why? I don't understand it at all. I mean, she got it seems to me that your client, by striking these provisions, gets a better deal in the arbitration than she might otherwise would have. I agree with you that these maybe these provisions were poorly drafted, maybe just a little bit better drafting, though they're not unconscionable and they do tilt the playing field toward the employer and then your clients in a worse position than she is right now. So what difference does it make? You know, isn't it a good thing that if if if an employer goes too far in drafting the provision, the court then strikes those provisions and the employee is in a better position than he or she would have been in otherwise? So the concern, Your Honor, is that there may be another litigant who comes after Miss Campbell who doesn't know to even challenge these provisions. And so she's subjected to an unfair arbitral process where there may be a litigant who looks at this agreement and is deterred from even bringing her point. Well, I don't I don't think so. I mean, I, I think if you if I said is of a piece with dozens of similar decisions. Right. But I think this case is really more like Jackson. And I think that it's entirely consistent with this court's precedent to say that, you know, when you have multiple provisions that are essential to the agreement and they permeate the agreement, that it is appropriate to strike rather than to sever. Because if you if you follow that line of reasoning that, you know, we're always going to strike and excise any unconscionable provisions because once you take those out, there's still going to be some kind of seed of an agreement to arbitrate leftover. Then you would never strike an arbitration provision. You would always just take out any unconscionable terms. Exactly what section five says. No, I don't think so. Because, you know, we have other decisions like conception from the Supreme Court that say that there's section two and section two allows courts to strike arbitration provisions under generally applicable contract defenses under state law. And that would include unconscionability. And there are numerous decisions that we've cited in our papers where courts have repeatedly stricken arbitration provisions because there were multiple unconscionable terms. And they found that the provision was really drafted for an improper purpose. And so I think that that, as I say, now you're just disagreeing with green, because that was exactly the argument in green. By incorporating the terms of an organization that was itself slanted and biased, it was all designed to favor one side. I read green to say that the parties chose the NAF, the NAF was unavailable, but that an arbitrator could still be appointed. And it would just the arbitrator would simply follow the rest of the agreement, they would follow the NAF rules, they would follow all the other provisions of the agreement. So I read green to be somewhat narrower, and it's holding that, you know, if there is an arbitration association or arbitrator that's been selected, and that, and it's no longer available, that the court can appoint under section five, but I don't read, you know, section five to say or green to say that if an agreement is found to be unconscionable and unenforceable under state law, that the, that the court is required to sever those terms. And appoint an arbitrator under section five. And I think that if you look at the cases like Jackson, this court's own decision in Jackson versus payday financial, and the Newton versus debt services case from the Northern District of California, courts have repeatedly found that where an agreement was drafted for an improper purpose, that it is appropriate to strike the agreement rather than to sever and excise all of the numerous unconscionable terms, because of the perverse incentive that would create. Okay, well, thank you very much. Thanks to both counsel. The case is taken under advisement, and the court will be in recess.